IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| Marcus Tyler Walters, | ) | C/A No. 7:25-cv-00409-BHH-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| TD Bank Corp., First Horizon Bank, Metro by T-Mobile, Spartanburg County Sheriff's Office, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This is a civil action filed by a non-prisoner. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

**PROCEDURAL HISTORY**

The plaintiff's complaint was entered on the docket on January 21, 2025 (doc. 1). In signing the complaint, the plaintiff acknowledged that he was responsible for notifying the Clerk in writing of any change of address and that failure to keep his address updated with the Court may lead to dismissal of the case (*id*. at 6). By order dated January 31, 2025, the plaintiff was given an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (doc. 5). The plaintiff was warned that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The plaintiff was also advised of his duty to keep the court informed as to his current address (*id*. at 2–3). On February 18, 2025, the proper form order was returned to the Court as undeliverable mail and stamped, "return to sender not deliverable as addressed unable to forward" (doc. 8). To this

date, the plaintiff has neither advised the Court of any changes to his address nor responded to the January 31, 2025, proper form order and the time for response has lapsed.

## ALLEGATIONS

This is a civil action filed by the plaintiff, a non-prisoner proceeding *pro se* seeking damages from the defendants (doc. 1). The plaintiff alleges that the defendants have violated his Second Amendment rights, have human trafficked him, have made him engage in forced labor, and have acted as frauds and swindlers (*id*. at 3). The plaintiff contends that Metro by T-Mobile ("Metro") forced him to work despite bullying and harassment in the workplace (*id*. at 4). The plaintiff also contends that Metro forced him to work without receiving a paycheck, which made him a slave and caused him to be human trafficked (*id*.). He contends that TD Bank and First Horizon stole his money (*id*.). The plaintiff also alleges that the Spartanburg County Sheriff's Office left him in a hostile situation unprotected and unable to purchase a handgun because of a prior misdemeanor (*id*.).

The plaintiff's injuries include post-traumatic stress disorder, emotional trauma, loss of wages, abuse, and loss of business wages (*id*. at 5). For relief, the plaintiff seeks money damages (*id*.).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading

2

to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

As noted above, the plaintiff filed this action seeking damages from the defendants. However, the plaintiff's complaint is subject to summary dismissal. It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, the plaintiff has failed to keep his address updated withe the court and failed to bring his case into proper form (*see* docs. 1 at 6; 5; 8). The signed complaint by the plaintiff as well as the proper form order warned the plaintiff of the consequences of failing

3

to comply with instructions to keep his address updated and bring his case into proper form, including the dismissal of his case pursuant to Fed. R. Civ. P. 41(b) (docs. 1 at 6; 5 at 1). Despite these warnings, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's order and has been previously warned that such failure could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed for failure to comply with an order of the court.

Additionally, the undersigned notes that the plaintiff's complaint would be subject to summary dismissal even if the plaintiff had brought it into proper form, because his allegations are frivolous and fail to state a claim for relief. *See Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). Indeed, the plaintiff's vague and conclusory allegations that he was human trafficked and made a slave because Metro made him work without receiving a pay check, as well as that TD Bank and First Horizon stole his money (and he could not buy a gun to protect himself because of a conviction) are legally and factually frivolous. *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *Report and Recommendation adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible"). As such, even if the plaintiff had brought his case into proper form, it would still be subject to summary dismissal as frivolous.

## **RECOMMENDATION**

As noted above, the plaintiff has failed to bring his case into proper from and the instant matter is subject to dismissal as frivolous. Therefore, the undersigned recommends that the district court dismiss this action with prejudice, without leave to amend,

and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

       **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

February 26, 2025<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).